FILED
SUPERIOR COURT
OF GUAM

2021 FEB 24 PM 3:55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**CHRIS JUNIOR ANDERSON TEDTAOTAO,**<br>DOB: 03/07/1992   or 09/07/1992<br><br>Defendant. | **Criminal Case No. CF0237-19**<br>GPD Report Nos. 18-31284 / 19-11117 /<br>19-11127 / 19-11179<br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 5, 2021 for hearing on Defendant Chris Junior Anderson Tedtaotao's ("Defendant's") Motion to Suppress Evidence ("Motion"). Assistant Attorney General Sean Brown represents the People, and Alternate Public Defender Heather Zona represents Defendant. Having duly considered the parties' briefs, oral arguments, witness testimony, and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

### BACKGROUND

In April 2019, Defendant was charged with two (2) counts of Second-Degree Robbery (as a 2nd Degree Felony) with *Special Allegation* Use of a Deadly Weapon in the Commission of a Felony, one (1) count of Burglary to a Motor Vehicle (as a 2nd Degree Felony), and one (1) count of Theft by Receiving (as a 2nd Degree Felony). Indictment (Apr. 29, 2019). According to the police reports, Defendant was involved in robbing two Korean tourists named Dogyun and Dogyeong Kim (collectively "the Kims") at gunpoint. Id. Defendant is also accused of a car burglary at Nikko Hotel in Tumon and receiving a stolen car. Id.

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page **1** of **9**

The Kims called police immediately following the robbery and Officer M.L. Medina arrived on scene to interview them. Court Recording (2/5/2021 at 1:55:20). Officer D.K. Yi served as a telephonic translator during the initial questioning due to language barriers. Id. at 1:47:30. The Kims told Officers Yi and Medina that a man, roughly 6'2" in height, with a large stomach, white complexion, no facial hair, and tattoos on both his left shoulder and horizontally across his stomach pointed a gun at their heads while robbing them of their wallets. Id. at 1:57:15-2:09:00.

The Kims were then brought to the police precinct. Motion at 2. At the precinct, Officer Medina spoke with Officer K.C. Pangelinan and asked Pangelinan whether he could think of someone who fit the perpetrator's description. Court Recording (2/5/2021 at 2:20:30). Officer Pangelinan told Officer Medina that the description sounded like Chris Tedtaotao. Id. at 2:21:00. This was spoken in the Kims' presence. Id. at 2:46:40. However, there's no indication that the Kims overheard or understood any of the conversation as no translators were used. Id. at 2:24:05. Officer Medina then typed Defendant's name into the law enforcement database, and Defendant's mugshot appeared on the computer screen. Id. at 2:23:45. The Kims incidentally oversaw the Defendant's mugshot, and they immediately pointed at his image and identified him as the perpetrator. Id. at 2:24:00. Officer Pengelinan then continued to conduct a six-person lineup including Defendant's mugshot. Id. at 11:35:00. The Kims were brought in one-by-one and each individually identified the Defendant as the perpetrator once more. Id. at 11:48:45.

The Kims also described the perpetrator's car as a silver sedan and provided police a photo of the car which partially showed the license plate number. Id. at 1:57:15 and 2:40:10. Officer R.J.S. Camacho saw the suspect's vehicle, noticed the license plate matched the partial plate shown in the photograph, and requested marked patrol units to help conduct a stop. Id. at 10:37:35. Defendant was operating the vehicle at the time and was subsequently arrested. Id. at 10:38:20.

Following his arrest, Defendant was interviewed by Officers Camacho and P.J. Leon Guerrero. Id. at 11:09:50. Defendant verbally confessed to his involvement in both the robbery and the car burglary, and gave a written confession mirroring his oral one. Id. at 10:48:00.

Defendant filed his Motion to Suppress on January 6, 2021. Defendant seeks to:

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 2 of 9

a) Suppress any identification of Defendant made by the Kims in this case on the ground the pre-trial identification procedures implemented by law enforcement were unduly suggestive;

b) Suppress all statements made to law enforcement by Defendant after he was arrested as a result of an overly suggestive identification

c) Suppress all statements made to law enforcement by Defendant on the grounds that Defendant's *Miranda* rights were violated

d) Suppress all statements made to law enforcement by Defendant on the grounds his statements were not made voluntarily; and

e) Suppress all statements made to law enforcement by Defendant on the grounds such statements were not recorded by video or audio;

Motion at 1.

The Court held a hearing on February 5, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **The pre-trial identification procedures used were unduly suggestive and violated Defendant's due process rights.**

Defendant first challenges the pre-trial identification procedures as unduly suggestive, in violation of his due process rights. A pretrial photographic identification procedure violates due process and requires exclusion of the identification testimony if the procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. U.S.*, 390 U.S. 377, 384 (1968). Whether the danger of misidentification reaches this level is judged by "the totality of the circumstances." *Neil v. Biggers*, 409 U.S. 188, 196 (1972). "This danger will be increased if the police display to the witness only the picture of a single individual." Id. at 383. This is because one-on-one show-ups are inherently suggestive; conveying a message that the police have reason to believe the suspect shown is guilty. *United States v. Funches*, 84 F.3d 249, 254 (7th Cir. 1996).

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 3 of 9

The totality of the circumstances here indicates the pre-trial identification was impermissibly suggestive. Although the Defendant's mugshot was among six shown in the line-up, it was the only one shown to the Kims prior to the line-up. By exclusively showing the Defendant's mugshot before the line-up, the police subconsciously sent a message that they believe the Defendant is the perpetrator and would commit such crimes. The Defendant's image stood out from the others in the line-up because it was solely shown to the Kims just moments before. The suggestive nature of the line-up procedure damages any identification credibility, despite the fact that there was no police coaching or instruction to specifically choose Defendant's image in the line-up.

Taken all together, the circumstances do show a "very substantial likelihood of irreparable misidentification." *Simmons*, 390 U.S. at 384. Any in-court identification from the victims would likely be biased by the pre-trial identification procedures used, providing grounds for suppression. However, in-court identifications made by the victims will otherwise be allowed if shown to rest on an independent and reliable recollection of the encounter. *See People v. Chargualaf*, 2001 Guam 1 ¶ 37.

II. **Charge One of Second Degree Robbery with *Special Allegation* Possession or Use of a Deadly Weapon in the Commission of a Felony is dismissed without prejudice because the Kims won't be present to testify as to Defendant's identity.**

Although the Kims' in-court identification of Defendant will be allowed if shown to rest on reliable memories independent from the overly-suggestive pre-trial identification, the issue remains whether they'll be present to testify at all.

Under the Sixth Amendment of the U.S. Constitution, a defendant has the right to cross-examine any testimonial statements used against him in court, or the statements will be labeled inadmissible hearsay. *Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). Statements are testimonial if they "were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 52. The Kims' pre-trial identification of the Defendant is testimonial in nature, as it was part of the law enforcement investigation. Because

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 4 of 9

Defendant has not yet had the opportunity to cross-examine the Kims, any statements they made to the police would be excluded on Sixth Amendment grounds.

This raises concern over how the People plan to convict Defendant on charge one. A Defendant's uncorroborated confession is not enough to support a conviction. *U.S. v. Morales*, 893 F.3d 1360, 1370 (11th Cir. 2018). Rather, the government must introduce substantial independent evidence to establish the trustworthiness of the confession. Id. at 1370-1371. Here the People have made it clear the Kims "will not be testifying in this case." *See* People's Opposition to Defendant's Motion to Suppress Evidence at 2 (Jan. 8, 2021). This People can only prove this charge with the Kims' in-court testimony and identification of Defendant, as their pre-trial identification would otherwise be excluded as both overly-suggestive and as testimonial hearsay. The Defendant's uncorroborated confession alone is not enough to support conviction of Charge One. Thus the court will dismiss Charge One without prejudice, allowing the People to refile if the Kims agree to testify. Charges 2 and 3 may remain because they concern events unrelated to the Defendant's supposed encounter with the Kims, and don't require the Kims' testimony in order to convict.

**III. Defendant's post-arrest statements made to law enforcement will not be suppressed because his arrest was based on grounds beyond the improper pre-trial identification used.**

Defendant also argues his post-arrest statements made to law enforcement should be excluded as a result of the overly-suggestive identification. Under the "fruit of the poisonous tree" doctrine, evidence that is discovered through government illegality will be excluded. *Wong Sun v. U.S.*, 371 U.S. 471, 488 (1963).

As discussed, the identification procedures used were overly suggestive and illegal. However, the basis for Defendant's arrest stems far beyond his mugshot identification. Defendant was arrested because he was found driving the suspect vehicle photographed by the victims. This car was reported as stolen at the time of Defendant's arrest and its license plate matched the partial plate photographed by the victims.

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 5 of 9

Magistrate's Complaint (April 20, 2019). Any post-arrest statements Defendant made are admissible and are not "fruit of the poisonous tree" because the police had legitimate reasons to arrest Defendant beyond the improper identification. Id. at 488.

**IV.** **No *Miranda* rights violation exists or warrants exclusion of Defendant's statements to police because Defendant knowingly and voluntarily waived these rights prior to his custodial interrogation.**

The Fifth Amendment privilege against self-incrimination requires a defendant to be advised of, and both knowingly and voluntarily waive his *Miranda* rights before any statements from a custodial interrogation may be admitted. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). This is because custodial interrogations present "inherently compelling pressures which work to undermine the individual's will to resist... and compel him to speak where he would not otherwise do so freely." Id. at 467.

The statements in question are from a custodial interrogation because Defendant was at the police station, under arrest, and all questioning took place in an interrogation room at the police station. *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (suspect is "in custody" within the meaning of *Miranda* if there exists a "restraint on freedom of movement"). Thus the Defendant must have been advised of, and knowingly and voluntarily waived his *Miranda* rights before subsequent statements may be admitted. *Miranda*, 384 U.S. at 444.

**a. Defendant knowingly waived his *Miranda* rights.**

Defendant argues that he did not knowingly waive his *Miranda* rights as they were not read to him until after he provided the incriminating statements in question. Motion at 8. Furthermore, Defendant claims he never signed a *Miranda* waiver form. Court Recording (2/5/2021 at 3:21:30).

A waiver is made knowingly if Defendant has a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran* 475 U.S. at 421. Knowledge is determined by a "totality of the circumstances" standard. Id. at 421.

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 6 of 9

Here, Officer Camacho testified about how he went over the *Miranda* rights with the Defendant, who acknowledged understanding them before waiving these rights and providing the statements in question. Court Recording (2/5/2021 at 10:40:15). Furthermore, Exhibit One clearly shows Defendant's signature and waiver of his *Miranda* rights on a custodial interrogation form. *See* Exhibit One. Defendant also initialed his understanding of each of these rights, including the right to remain silent. Id. The totality of the circumstances here indicates Defendant was aware of his *Miranda* rights when he waived them.

**b. Defendant voluntarily waived his *Miranda* rights.**

Defendant also argues that his *Miranda* rights were violated because his statements made to law enforcement were involuntary and coerced by improper police pressure. Defendant claims that Officer Leon Guerrero threatened to plant drugs in his girlfriend's car if he didn't admit to both the armed robbery and the car burglary. Court Recording (2/5/2021 at 3:13:20-3:16:30).

A waiver is made voluntary if it is the "product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Voluntary confessions must not be extracted by any sort of threats or violence. *Malloy v. Hogan*, 378 U.S. 1, 17-18 (1964).

Here, Officers Leon Guerrero, Camacho, and Burt Carbullido all testified that none of them threatened to plant drugs in Defendant's girlfriend's vehicle absent a confession, nor did they hear other officers make such threats. Id. at 11:10:00, 10:48:00, and 10:24:40. All three officer's testimony corroborates with one another's. The officer's interactions with and supervision over Defendant also cover his initial arrest up through his confession. Thus, the court believes these officers are telling the truth and that no such threats were made towards the Defendant. As such, the Defendant's waiver of his *Miranda* rights and decision to speak with the officers was done so voluntarily.

**V. Defendant's post-arrest statements to law enforcement will not be suppressed under lack of video or audio recording.**

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page 7 of 9

Lastly, Defendant argues that all his statements made to law enforcement should be suppressed because they weren't recorded by video or audio.

Some states have adopted rules mandating the recording of interrogations before admitting statements obtained in response. *See State v. Scales*, 518 N.W.2d 587, 592 (Minn. 1994) (requiring the recording of all custodial interrogations); *Stephen v. State*, 711 P.2d 1156, 1159 (Alaska 1985) (requiring the recording of all interrogations occurring in a place of detention, so long as recording is feasible).

While this court considers outside state precedent as persuasive when making its decisions, such precedent is not binding. U.S. Const. amend. X. There are no binding laws, either on Guam or federally which mandate recording police interrogations. It is not within this court's authority to suddenly start making up and enforcing laws, and the court will not start doing so today. Even if the court had the discretion to make this requirement, doing so would be extremely costly and delay investigations. Thus the lack of video or audio recording of Defendant's interrogation does not provide grounds to suppress his statements.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion.

- The Kims' in-court identification of the Defendant will be suppressed unless shown to rest on reliable memories of the robbery independent from the overly-suggestive pre-trial identification.

- Chare One of Second Degree Robbery with *Special Allegation* Possession or Use of a Deadly Weapon in the Commission of a Felony is dismissed without prejudice.

- Statements Defendant made to police are admissible despite the improper identification procedure, because Defendant's arrest was based on other legitimate bases.

- The Court will not suppress any statements made by Defendant to law enforcement on grounds of *Miranda* violation or involuntariness

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page **8** of **9**

- Defendant's post-arrest statements to law enforcement will not be suppressed for lack of video or audio recording.

**IT IS SO ORDERED** this ___Feb.24,2021___ .



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG, APD___

Date: 2/24/21 Time: 4:15

Deputy Clerk, Superior Court of Guam

Decision and Order Granting in Part and Denying in Part Defendant's Motion to Suppress Evidence
CF0237-19, *People of Guam v. Chris Junior Anderson Tedtaotao*
Page **9** of **9**